139 F.3d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Peter C. MACFARLANE, aka Richard Wayne Parker, aka Martin
Mulcahy Branon, Defendant-Appellant.
 No. 96-30296.
D.C. No. CR-95-60103-02-MRH.
 United States Court of Appeals, Ninth Circuit.
 Decided Feb. 23, 1998.
Argued and Submitted January 7, 1998.
 
 Appeal from the United States District Court for the District of Oregon Michael R. Hogan, District Judge, Presiding.
 Before ALDISERT,** PREGERSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 When reviewing a challenge to the sufficiency of the evidence, the court must determine, viewing the evidence in the light most favorable to the prosecution, whether a trier of fact could rationally have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The standard of review on appeal is de novo. United States v. Bahena-Cardenas, 70 F.3d 1071, 1072 (9th Cir.1995).
 
 
 3
 According to 18 U.S.C. § 1512(b)(2)(B), a person may be fined or imprisoned for "knowingly ... engag[ing] in misleading conduct toward another person, with intent to cause or induce any person to alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding." 18 U.S.C. § 1512(b)(2)(B) (1994).
 
 
 4
 Defendant MacFarlane's instructions to destroy or remove certain objects from his home, hours after his arrest as a federal fugitive wanted for drug smuggling charges from the district of Vermont, constituted misleading conduct. From the evidence presented at trial, the jury rationally concluded that MacFarlane possessed the intent to conceal those objects in order to impair their integrity for an impending judicial proceeding.
 
 
 5
 Intent may, and generally must, be proven circumstantially. United States v. Maggitt, 784 F.3d 590, 593 (5th Cir.1986). In prison, MacFarlane was informed by the deputy marshals of his upcoming identity hearing. MacFarlane immediately ordered false identification documents and evidence of prior aliases destroyed. He also requested a briefcase filled with cash to be removed from his residence. From this evidence, the jury reasonably inferred that defendant was aware of the upcoming judicial proceeding and that he intended to impair the integrity and availability of the objects he ordered destroyed or removed for use in the proceeding.
 
 
 6
 The district court did not err when it failed to instruct the jury of the need for a nexus between the objects concealed and the official proceeding. To establish obstruction of justice, the government must demonstrate a logical connection between the acts of concealment and the official proceeding. See United States v. Aguilar, 515 U.S. 593, 599, 115 S.Ct. 2357, 132 L.Ed.2d 520 (1995). The government need not show such a connection between the actual objects allegedly concealed and the proceeding.
 
 
 7
 It was not an abuse of discretion for the district court to exclude hearsay testimony or to admit prejudicial evidence of MacFarlane's prior drug-trafficking activities. The government introduced only as much of defendant's past criminal history as was inextricably intertwined with the current charge. The probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. See Fed.R.Evid. 403. Thus, the evidence was properly admitted.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The Honorable Ruggero J. Aldisert, Senior Circuit Judge for the Third Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3